UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORINIA

| | |
|---|---|
| CHARLES BRAGGS,<br><br>                          Petitioner,<br><br>v.<br><br>RAYMOND MADDEN, Warden,<br><br>                         Respondent. | Case No.:  24cv167-AJB (MSB)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [ECF NO. 8]** |

This Report and Recommendation is submitted to the Honorable Anthony J. Battaglia, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California. Petitioner Charles Braggs ("Petitioner") is a state prisoner proceeding pro se and in forma pauperis.  (ECF Nos. 1 & 3.)  In 2010, Petitioner pled guilty to robbery and admitted three strike priors, two serious felony priors, and five prison priors; he was sentenced to thirty-five years to life in state prison.  (ECF No. 9-1 at 14–19.)  On January 1, 2024,[1] Petitioner filed a federal Petition for Writ of Habeas Corpus ("the Petition")

---

[1] Under the "mailbox rule," a pro se prisoner's state or federal habeas petition is deemed filed when the prisoner delivers it to prison authorities for mailing to the court.  See Houston v. Lack, 487 U.S. 266, 276 (1988); Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (using a signed declaration of mailing to determine the filing date of a petition); Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (holding that the mailbox rule applies to both state and federal habeas corpus petitions).  Although the Petition

pursuant to 28 U.S.C. § 2254, alleging: (1) that the use of his prior strike conviction violated ex post facto principles because the convictions occurred before the enactment of California's Three Strikes law; and (2) ineffective assistance of counsel for failing to recognize this. (ECF No. 1 at 6–7.)

Now pending before the Court is Respondent's May 8, 2024, Motion to Dismiss Petition for Writ of Habeas Corpus ("Motion to Dismiss"), contending the Petition should be dismissed because it is untimely and procedurally barred. (ECF No. 8 at 1.) Petitioner did not file an opposition to Respondent's Motion to Dismiss. (See generally Docket.) For the reasons set forth below, the Court **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED** and the Petition be **DISMISSED with prejudice.**

## I. BACKGROUND

The facts of Petitioner's underlying offense are not material to the Court's evaluation of Respondent's Motion to Dismiss and therefore are not recounted here. Below, the Court describes Petitioner's guilty plea and state court proceedings relevant to the instant Motion.

### A. Petitioner's Guilty Plea and Direct Appeal

On August 25, 2009, San Diego County prosecutors filed an amended information charging petitioner with one count of robbery in Case No. SCD222240. (ECF No. 9-1 at 5–10.) On March 8, 2010, Petitioner pled guilty in San Diego County Superior Court to second-degree robbery (Cal. Penal Code § 211). (ECF No. 9-1 at 14–17.) Petitioner also admitted to five prison prior convictions, two serious felony prior convictions, and three strike prior convictions. (Id.) On June 17, 2010, the trial court denied Petitioner's motion to strike any of the strike prior convictions, but struck three of the prison priors due to their non-violent nature and the adequacy of sentencing without their imposition. (ECF No. 9-3 at 11–15.)

---

was not docketed until January 19, 2024, the Court applies the mailbox rule and assumes Petitioner delivered it to prison authorities on the date he signed the proof of service—January 1, 2024. (See ECF No. 1 at 11.)

That same day, the court sentenced Petitioner to thirty-five years to life in prison. (ECF No. 9-1 at 90.)  Petitioner appealed his sentence to the California Court of Appeal, alleging the trial court abused its discretion by failing to strike a prior strike conviction; the Court of Appeal affirmed the judgment on March 2, 2012.  (ECF No. 9-4 at 1–5.)  Petitioner filed a petition for review in the Supreme Court of California, which was denied on May 9, 2012.  (ECF No. 9-5 at 1–15; ECF No. 9-6 at 1.)

### B. Petitioner's State Habeas Petitions

On June 14, 2012, approximately two years after the robbery sentence was entered, Petitioner filed a petition for writ of habeas corpus in San Diego County Superior Court alleging ineffective assistance of counsel at both the trial and appellate levels.[2] (ECF No. 9-9 at 10–19.)  The Superior Court denied the petition on August 13, 2012, finding Petitioner failed to make the requisite showing of ineffective assistance. (ECF No. 9-7 at 19–21.)  Petitioner proceeded to the California Court of Appeal and California Supreme Court, and those courts denied his petition on October 3, 2012, and January 16, 2013, respectively.  (ECF No. 9-8 at 2–3; ECF No. 9-10 at 1.)

On April 16, 2013, Petitioner attempted to reopen his direct appeal by filing a motion to recall the remittitur.  (ECF No. 9-11 at 48.)  The California Court of Appeal declined to consider it—explaining the appellant does not have the right to represent himself on direct appeal—and forwarded the request to Petitioner's counsel.  (Id.)  Petitioner then filed a petition for review in the California Supreme Court, which denied the petition on July 10, 2013, without prejudice to Petitioner's right to seek habeas relief.  (ECF No. 9-12 at 1.)

Next, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on August 11, 2013.[3]  (ECF No. 9-13 at 1–13.)  That court denied it on

---

[2] Applying the mailbox rule, the Court assumes Petitioner delivered the petition to prison authorities on the date he signed it—June 14, 2012.  (See ECF No. 9-9 at 19.)

[3] The Court assumes Petitioner delivered the petition to prison authorities on the date he signed it—August 11, 2013.  (See ECF No. 9-13 at 13.)

February 11, 2014.  (ECF No. 9-14 at 1.)  Three years later, Petitioner initiated another round of review in San Diego County Superior Court on October 1, 2017.[4]  (ECF No. 9-15 at 11–29.)  Petitioner argued the California Department of Corrections and Rehabilitation ("CDCR") failed to evaluate his eligibility under the Public Safety and Rehabilitation Act of 2016.  (Id.)  On October 25, 2017, the Superior Court denied the petition on procedural grounds and noted Petitioner's violent felony conviction barred relief under the Act.  (ECF No. 9-15 at 9–10.)  The California Court of Appeal and California Supreme Court denied the petition on December 14, 2017, and January 31, 2018, respectively.  (ECF No. 9-16 at 1; ECF No. 9-17 at 1.)

      Finally, approximately five years later, on May 5, 2023, Petitioner initiated another round of review by filing a petition for writ of habeas corpus in San Diego County Superior Court.[5]  (ECF No. 9-18 at 1–7.)  Petitioner raised the same grounds contained in the instant Petition—violation of ex post facto principles and ineffective assistance of counsel.  (Id.)  The court denied the petition on May 25, 2023, finding California's Three Strikes Law applies to felony convictions that occurred prior to the law's enactment.  (ECF No. 9-19 at 2–4.)  Petitioner proceeded to the California Court of Appeal and California Supreme Court, which denied the petition on June 29, 2023, and November 15, 2023, respectively.  (ECF No. 9-21 at 1–3; ECF No. 9-23 at 1.)

**C. Petitioner's Federal Habeas Petition**

      Petitioner filed the instant federal Petition in this Court on January 1, 2024.[6]  (ECF No. 1 at 1–11.)  Petitioner challenges his June 2010 sentence for second-degree robbery based on ex post facto violations and ineffective assistance of counsel grounds.  (Id. at 6–7.)  Specifically, Petitioner articulates the following claims:

---

[4] The Court assumes Petitioner delivered the petition to prison authorities on the date he signed the proof of service—October 1, 2017.  (See ECF No. 9-15 at 29.)

[5] The Court assumes Petitioner delivered the petition to prison authorities on the date he signed the proof of service—May 5, 2023.  (See ECF No. 9-18 at 7.)

[6] See supra note 1 (explaining that although the Petition was not docketed until January 19, 2024, under the mailbox rule the Court assumes it was filed when Petitioner signed the proof of service on January 1, 2024).

> GROUND ONE: Ex post facto violation due to crime been committed in 1989 but Court applied a law enacted in 1995 (3 Strikes) resulting in a longer sentence, 25yrs–life. Violation of 8th, 6th, 14th U.S. Const.
>
> . . .
>
> GROUND TWO: [Ineffective assistance of counsel] of appeal & court counsel for failing to recognize the unlawfull [sic] sentence that was prejudicial. In violation of 6, 14, U.S. Const. Amendment. This is a miscarriage of justice.

(Id.)

### D. Respondent's Motion to Dismiss

Respondent now moves to dismiss the Petition, claiming it is time-barred under the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, Pub. L. No. 104-132, 110 Stat. 1214, and procedurally barred. (ECF No. 8 at 1.) First, Respondent contends Petitioner's conviction became final in 2013, and although he is entitled to some statutory tolling, the tolling is insufficient to render his instant federal Petition timely. (ECF No. 8-1 at 4–7.) Moreover, Respondent argues Petitioner has not demonstrated he is entitled to equitable tolling. (Id. at 6–7.) Second, Respondent contends the Petition is procedurally defaulted because it challenges Petitioner's guilty plea and Petitioner did not obtain a certificate of probable cause. (Id. at 7–9.) After the California Supreme Court's silent denial, Respondent argues this invoked California's independent and adequate bar to relief; thus, federal habeas relief is precluded. (Id.) Petitioner did not file an opposition to the instant Motion. (See generally Docket.)

## II.     RELEVANT LAW

### A. Statute of Limitations

The instant Petition was filed after April 24, 1996, and therefore is subject to the AEDPA. (See ECF No. 1.) The AEDPA imposes a one-year statute of limitations on all federal habeas petitions filed by persons in custody pursuant to the judgment of a state

court.  See 28 U.S.C. § 2244(d)(1).  The limitations period begins to run from the latest of four statutory triggering events:

> (A) the date on which the judgment became final by the conclusion of ***direct review*** or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D) (emphasis added).

In the Ninth Circuit, "direct review" ends when the ninety-day period within which a petitioner can petition for a writ of certiorari expires.  See Zepeda v. Walker, 581 F.3d 1013, 1016 (9th Cir. 2009); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Petitioner then has one year from the date the conviction becomes final to file a petition for writ of habeas corpus in federal court.  See 28 U.S.C. § 2244(d)(1)(A).  The United States Supreme Court has held that if a petitioner "does not seek review in a State's highest court, the judgment becomes 'final' . . . when the time for seeking such review expires."  Gonzalez v. Thaler, 565 U.S. 134, 154 (2012).

AEDPA's one-year statute of limitations period is subject to both statutory and equitable tolling.  First, the statutory tolling provision suspends the limitations period for the "time during which a properly filed application for State post-conviction or other collateral review" is pending.  See 28 U.S.C. § 2244(d)(2).  Additionally, even where a petitioner is not entitled to statutory tolling, an otherwise untimely federal habeas petition may be subject to equitable tolling if the petitioner shows "diligent pursuit of rights and extraordinary circumstances standing in the way of a timely filing."  Orthel v.

6

Yates, 795 F.3d 935, 938 (9th Cir. 2015) (internal citations omitted).  Regardless of which subsection of § 2244(d)(1) applies, once a petitioner is notified that his petition is subject to dismissal based on the AEDPA's one-year limitations period, he bears the burden of demonstrating that the limitations period is sufficiently tolled under statutory or equitable principles.  See Valdez v. Montgomery, 918 F.3d 687, 691 (9th Cir. 2019) (quoting Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010)).

### B. Procedural Default

Under the doctrine of procedural default, federal courts will not review questions of federal law rejected by a state court "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991) (internal citations omitted); see also Beard v. Kindler, 558 U.S. 53, 55 (2009).  This is to "ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." Martinez v. Ryan, 566 U.S. 1, 9 (2012).  The Supreme Court has held that California's timeliness requirement is an independent state ground adequate to bar federal habeas corpus relief. Walker v. Martin, 562 U.S. 307, 317–22 (2011).

When a state supreme court does not provide any explanation for its decision, the reviewing federal court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." Wilson v. Sellers, 584 U.S. 122, 125 (2018); see also Ylst v. Nunnemaker, 501 U.S. 797, 803–04 (1991) (applying a "look through" presumption to the last reasoned state judgment).  However, "[w]here there are convincing grounds to believe the silent court had a different basis for its decision

than the analysis followed by the previous court, the federal habeas court is free . . . to find to the contrary." Wilson, 584 U.S. at 134.

### III. DISCUSSION

#### A. Statute of Limitations

##### 1. Analysis of the Petition under § 2244(d)(1)

Respondent contends that after the California Supreme Court denied Petitioner's petition for review on May 9, 2012, his state judgment became final ninety days later on August 7, 2012. (ECF No. 8-1 at 4 (citing Bowen, 188 F.3d at 1159).) Additionally, Respondent asserts the AEDPA statute-of-limitations period expired one year after that on August 7, 2013. (Id.) Therefore, because Petitioner did not file his federal Petition until January 2024, Respondent argues the Petition is untimely. (Id. at 4–5.) Petitioner did not address the statute of limitations in his Petition, nor did he file a response to the instant Motion to Dismiss. (ECF No. 1 at 1–11.) However, courts are directed to be more lenient when interpreting the pleadings of pro se litigants like Petitioner. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (the pleadings of pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers"); see also Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005) ("[T]he district court must construe pro se habeas filings liberally"); Bernhardt v. Los Angeles Cnty., 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints.").

Although subparagraphs (B) through (D) of 28 U.S.C. § 2244(d)(1) allow for adjustments to the start of the limitations period in certain circumstances, there is no evidence that state impediments prevented Petitioner from seeking relief, that his claims rely on a new constitutional right, or that the factual predicate for his claims was unknown at the time of final judgment. See 28 U.S.C. § 2244(d)(1)(B)–(D). Therefore, the default rule in subparagraph (A) applies, and the one-year statute of limitations began running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. §

2244(d)(1)(A). When a habeas petitioner seeks discretionary review by the state's highest court but does not file certiorari in the United States Supreme Court, the judgment becomes final when the ninety-day period to pursue review in the United States Supreme Court expires. Gonzalez, 565 U.S. at 150; Bowen, 188 F.3d at 1159; see also Sup. Ct. R. 13 (providing that a petition for certiorari must be filed within ninety days after entry of an order denying discretionary review by the state's highest court). Petitioner then has one year from the date the conviction becomes final to file a petition for writ of habeas corpus in federal court. See 28 U.S.C. § 2244(d)(1)(A).

Here, Petitioner appealed his March 2010 sentence to the California Court of Appeal, which affirmed the judgment on March 2, 2012. (ECF No. 9-4 at 1–5.) Petitioner then filed a petition for review in the California Supreme Court, which was denied on May 9, 2012. (ECF No. 9-5 at 1–15; ECF No. 9-6 at 1.) For AEDPA purposes, the judgment became final on August 7, 2012, ninety days after the California Supreme Court denied his petition for review. Bowen, 188 F.3d at 1159. Petitioner's statute of limitations for filing a habeas corpus petition in federal court began to run the day after judgment became final on August 8, 2012. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (noting the limitations period begins to run the day after a judgment becomes final); see also 28 U.S.C. § 2244(d)(1)(A). Accordingly, Petitioner had 365 days from the finality of judgment—until August 8, 2013—to file a federal habeas petition. Petitioner, however, filed the instant Petition on January 1, 2024, which was 3,798 days or more than ten years and four months after the expiration of the one-year statute of limitations. (ECF No. 1.) Because Petitioner did not file his federal Petition within the limitations period, it is untimely absent statutory or equitable tolling.

### 2. Statutory tolling

Respondent argues Petitioner is entitled to 388 days of statutory tolling for his first two rounds of habeas review, but he is not entitled to statutory tolling for the motion for remittitur nor the latter two rounds of habeas review, which were initiated after the limitations period had already expired. (ECF No. 8-1 at 5–6.) Respondent

further argues that the statutory tolling Petitioner is entitled to would extend the AEDPA limitations period to September 2, 2014; however, this is insufficient to make the instant Petition timely. (Id. at 6.) Petitioner does not address whether he is entitled to statutory tolling. (ECF No. 1 at 1–11.)

The AEDPA's statutory tolling provision suspends the limitations period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." See 28 U.S.C. § 2244(d)(2). The Supreme Court has held "an application is pending as long as the ordinary state collateral review process is 'in continuance'—*i.e.*, 'until the completion of' that process." Carey v. Saffold, 536 U.S. 214, 219–20 (2002); see also Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) (internal citations omitted) ("As to California habeas proceedings, collateral review is considered to be pending during the interim between a writ being denied at one court level and a new petition being filed at the next higher court level."). However, the Ninth Circuit has held that AEDPA's statute of limitations is not tolled from the end of a state's collateral review until the filing of a federal habeas petition. See Roy v. Lampert, 465 F.3d 964, 968 (9th Cir. 2006). Furthermore, a state habeas petition filed after the expiration of the AEDPA's one-year statute of limitations cannot revive the federal limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (concluding that once the federal statute of limitations has run, petitioners cannot revive their chances at federal relief by filing a state petition). Lastly, a petitioner is not entitled to statutory tolling between the conclusion of one round of state collateral review and the start of a subsequent round of state collateral review. See Biggs v. Duncan, 339 F.3d. 1045, 1048 (9th Cir. 2003).

Here, the Court agrees with Respondent that Petitioner's Motion to Recall Remittitur filed in April 2013 does not have a tolling effect on his federal Petition because it was not "properly filed." See 28 U.S.C. § 2244(d)(2). The California Court of Appeal declined to consider the Motion, explaining that an appellant does not have the right to represent himself on direct appeal. (ECF No. 9-11 at 48.) Thus, this was not a

properly filed application for state post-conviction or other collateral review. The Court now examines the four rounds of state review Petitioner pursued, summarized in the below table.

|  | Date Filed[7] | Date Review Ended | Days Pending |
|---|---|---|---|
| **First State Habeas Petition** | June 14, 2012 | January 16, 2013 | 216 days |
| **Second State Habeas Petition** | August 11, 2013 | February 11, 2014 | 184 days |
| **Third State Habeas Petition** | October 1, 2017 | January 31, 2018 | 122 days |
| **Fourth State Habeas Petition** | May 5, 2023 | November 15, 2023 | 194 days |

As discussed above, Petitioner's deadline to timely file his federal habeas petition was August 8, 2013. See supra Part III.A.1. The Court agrees with Respondent that Petitioner is entitled to statutory tolling for his first two rounds of habeas review because these petitions were "properly filed" before the expiration of the federal limitations period. See 28 U.S.C. § 2244(d)(2). Petitioner filed his First State Habeas Petition on June 14, 2012, and this round of review concluded with the California Supreme Court's denial on January 16, 2013. (ECF No. 9-9 at 19; ECF No. 9-10 at 1.) Thus, Petitioner is entitled to 216 days of statutory tolling for his First State Habeas Petition, extending the deadline to file his federal habeas petition to March 12, 2014 (216 days after August 8, 2013). Petitioner filed his Second State Habeas Petition on August 11, 2013, and this round of review concluded with the California Supreme Court's denial on February 11, 2014. (ECF No. 9-13 at 13; ECF No. 9-14 at 1.) Therefore, Petitioner is entitled to 184 days of statutory tolling for his Second State Habeas

---

[7] Applying the prison "mailbox rule," the Court treats Petitioner's petitions as filed on the date he delivered each petition to prison authorities for mailing to the court. See Houston, 487 U.S. at 276; Duncan, 297 F.3d at 815 (using a signed declaration of mailing to determine the filing date of a petition).

Petition, extending the deadline to file his federal habeas petition to September 12, 2014 (184 days after March 12, 2014).

With respect to Petitioner's Third State Habeas Petition and Fourth State Habeas Petition, they were filed on October 1, 2017, and May 5, 2023, respectively. (ECF No. 9-15 at 29; ECF No. 9-18 at 7.) Since these petitions were filed well after the federal limitations period had expired, they cannot operate to statutorily toll the statute of limitations.[8] Ferguson, 321 F.3d at 823; Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (finding state habeas petition filed after the AEDPA statute of limitations expired "resulted in an absolute time bar"). Thus, Petitioner's instant federal Petition is time-barred unless he can establish he is entitled to equitable tolling.

### 3. Equitable tolling

Respondent claims Petitioner is not entitled to equitable tolling because he has not been pursuing his rights diligently, as exemplified by the long gaps of time where Petitioner sought no relief from February 2014 to October 2017 and February 2018 to May 2023. (ECF No. 8-1 at 6–7.) Moreover, Respondent contends there are no extraordinary circumstances that prevented Petitioner from timely filing his Petition. (Id.) Lastly, Respondent states that Petitioner's failure to mention any extraordinary circumstances bars him from equitable tolling because he holds the burden of proof. (Id.) Petitioner did not mention equitable tolling in his Petition. (ECF No. 1 at 1–11.)

A habeas Petitioner may be entitled to equitable tolling if he can establish that: (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance stood in his way." Holland v. Fla., 560 U.S. 631, 649 (2010) (quoting Pace

---

[8] Even if the Court were to factor in these two petitions, Petitioner would only receive an additional 316 days of statutory tolling, which would still be insufficient to make the instant federal Petition timely. Petitioner filed his Third State Habeas Petition on October 1, 2017, and the California Supreme Court denied it on January 31, 2018, totaling 122 days. (See ECF No. 9-15 at 29; ECF No. 9-17 at 1.) Then, Petitioner filed his Fourth State Habeas Petition on May 5, 2023, and the California Supreme Court denied it on November 15, 2023, totaling 194 days. (See ECF No. 9-18 at 7; ECF No. 9-23 at 1.) Because the federal Petition was untimely by more than 3,300 days, tolling the statute of limitations to include the 316 days from these two petitions would not help Petitioner.

v. DiGuglielmo, 544 U.S. 408, 418 (2005) (internal quotations omitted); see also Lawrence v. Fla., 549 U.S. 327, 336 (2007) (internal citations omitted).  The burden falls on the petitioner to show that external forces beyond the prisoner's control made "it impossible to file [the] petition on time."  See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (internal quotations and citations omitted) (discussing how circumstances must be beyond a prisoner's control to qualify as "extraordinary"); see also Gibbs v. Legrand, 767 F.3d 879, 884–85 (9th Cir. 2014) (internal citations omitted).  Therefore, equitable tolling is unavailable in most cases due to its high threshold.  See Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002)).

      Here, Petitioner fails to meet his burden of showing diligence in pursuing his legal interests due to the nearly nine years between subsequent collateral reviews.  First, after the California Supreme Court denied his Second State Habeas Petition on February 11, 2014, Petitioner waited more than three years and seven months to file his Third State Habeas Petition on October 1, 2017.  (ECF No. 9-14 at 1; ECF No. 9-15 at 29.)  Then, after the California Supreme Court denied his Third State Habeas Petition on January 31, 2018, Petitioner waited more than five years and three months to file his Fourth State Habeas Petition on May 5, 2023.  (ECF No. 9-17 at 1; ECF No. 9-18 at 7.)  Additionally, because Petitioner did not file an opposition to the instant Motion, there is no indication that external forces beyond his control prevented him from timely filing his federal Petition.  (See generally Docket.)  By contrast, the fact that Petitioner filed two state habeas petitions in June 2012 and August 2013 shows that he had the ability to pursue his rights.  See, e.g., Brown v. Montgomery, No. 19cv2021-CAB (WVG), 2020 WL 4697979, at *4 (S.D. Cal. Aug. 13, 2020) (holding that there were no external forces preventing petitioner from timely filing because he actively pursued other state and federal actions before filing his federal habeas petition), R. & R. adopted, 2020 WL 6825586 (S.D. Cal. Nov. 19, 2020).  In conclusion, Petitioner has failed to establish both elements of equitable tolling: (1) that he was sufficiently diligent in pursuing his rights

and (2) that extraordinary circumstances stood in his way. Holland, 560 U.S. at 649. Therefore, the instant Petition is not subject to equitable tolling and remains untimely.

### 4. Conclusion

The Petition exceeds the statute of limitations because it was filed in January 2024, more than ten years after the August 8, 2013, limitations deadline. While Petitioner is entitled to 400 days of statutory tolling, this is insufficient to render the Petition timely. Additionally, Petitioner is not entitled to any equitable tolling because he has not shown that he pursued his rights diligently and that extraordinary circumstances made it impossible to file on time. Therefore, the Petition is untimely.

## B. Procedural Default

Respondent argues Petitioner's claims are also procedurally barred because Petitioner: (1) defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, California Penal Code § 1237.5; (2) failed to provide cause or prejudice excusing the procedural default; and (3) cannot demonstrate that a failure to consider the instant claims will result in a fundamental miscarriage of justice. (ECF No. 8-1 at 7–9.) Petitioner does not address procedural default. (ECF No. 1 at 1–11.)

### 1. Applicable law

As discussed above, claims rejected by a state court are considered procedurally defaulted if the state court's decision "rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman, 501 U.S. at 729 (internal citations omitted); see also Beard, 558 U.S. at 55. To be "independent," the state law basis for the decision must not be interwoven with federal law. See Michigan v. Long, 463 U.S. 1032, 1040–41 (1983); Bennett v. Mueller, 322 F.3d 573, 581 (9th Cir. 2003). To be "adequate," a state court rule must be firmly established and

regularly followed.  Walker, 562 U.S. at 316; Poland v. Stewart, 169 F.3d 573, 577 (9th Cir. 1999).

Federal habeas courts may consider the merits of a defaulted claim if "the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice."  Noltie v. Peterson, 9 F.3d 802, 804–05 (9th Cir. 1993) (citing Coleman, 501 U.S. at 750).  See also McQuiggin v. Perkins, 569 U.S. 383, 391–92 (2013) (holding that miscarriage of justice showing applies to procedurally defaulted claims).  The petitioner bears the burden of showing cause and prejudice or a fundamental miscarriage of justice to excuse the default.  Walker, 562 U.S. at 316 (explaining that petitioner must demonstrate cause and prejudice to excuse the bar to federal review) (citing Wainwright v. Sykes, 433 U.S. 72, 84–85 (1977) and Coleman, 501 U.S. at 729–30).

**2. Discussion**

Here, Petitioner initiated his last round of state habeas review on May 5, 2023, and the California Supreme Court issued a silent denial on November 15, 2023.  (ECF Nos. 9-18 & 9-23.)  Therefore, the Court looks through that denial to the last reasoned state court decision, which was issued by the California Court of Appeal on June 29, 2023.  (ECF No. 9-21.)  Wilson, 584 U.S. at 125; Ylst, 501 U.S. at 803–04 (explaining the look-through doctrine).  The state appellate court denied Petitioner's claims as procedurally defaulted, explaining:

> Braggs is not entitled to relief.  An appellate court may not review the validity of a guilty plea unless the defendant first obtains a certificate of probable cause to challenge the plea (Pen. Code, § 1237.5), which Braggs did not do.  Braggs may not avoid that requirement by alleging that he received ineffective assistance in connection with the plea.  (In re Chavez (2003) 30 Cal.4th 643, 651.)  Braggs's "failure to affirmatively address the applicability of procedural obstacles to consideration of the claims raised in [his] habeas corpus petition justifies summary denial without the court's consideration of the merits."  (In re Reno (2012) 55 Cal.4th 428, 511.)

(ECF No. 9-21 at 2.)

Respondent has satisfied his burden of pleading the existence of an independent and adequate state procedural ground for the affirmative defense of procedural default. Bennett, 322 F.3d at 586. Specifically, Respondent notes the California Court of Appeal rejected Petitioner's claims on the grounds that California appellate courts may not review the validity of a guilty plea unless the defendant obtains a certificate of probable cause pursuant to California Penal Code § 1237.5. (ECF No. 8-1 at 8; ECF No. 9-21 at 2.) Moreover, as Respondent correctly points out, the Ninth Circuit and federal district courts have held that Cal. Penal Code § 1237.5's certificate of probable cause requirement is an independent and adequate state procedural ground for finding procedural default. See Cal. Penal Code § 1237.5 (West 2003); see also Strong v. Sullivan, 265 F. App'x 489, 490 (9th Cir. 2008); Dones v. Allison, No. 22cv282-MMA (BLM), 2022 WL 17979758, at *8 (S.D. Cal. Dec. 28, 2022), R. & R. adopted, 2023 WL 2583282 (S.D. Cal. Mar. 20, 2023); Powers v. Covello, No. 20cv4244-HSG, 2022 WL 1203564, at *8 (N.D. Cal. Apr. 22, 2022); Navarro v. Moss, No. 17cv223-JDP, 2019 WL 2009529, at *4 (E.D. Cal. May 7, 2019) (collecting cases holding that Cal. Penal Code § 1237.5 is an independent and adequate state procedural bar). Therefore, Petitioner's claims are procedurally defaulted unless he can demonstrate cause and prejudice or a fundamental miscarriage of justice. Bennett, 322 F.3d at 586 ("Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden . . . shifts to the petitioner.").

Petitioner has not shown cause or prejudice for his failure to satisfy the certificate of probable cause requirement. In fact, Petitioner does not address procedural default at all; he merely alleges his counsel was ineffective for failing to pursue an argument that the use of his prior strikes violated ex post facto principles. (ECF No. 1 at 1–11.) Aside from this general assertion, Petitioner provides no evidence suggesting his attorney acted improperly. See United States v. Ross, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea.") During his

state court proceedings, Petitioner also failed to present an ineffective assistance of counsel claim based on trial counsel's failure to timely seek a certificate of probable cause.[9] (ECF No. 9-21 at 2.)  It is Petitioner's burden to show cause and prejudice excusing the procedural default, and he has not done so here.  Walker, 562 U.S. at 316.  Accordingly, Petitioner cannot satisfy the cause and prejudice standard.

      Nor has Petitioner demonstrated that failure to consider his claims would constitute a "miscarriage of justice."  See McQuiggin, 569 U.S. at 391–92.  This exception requires habeas petitioners to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Schlup v. Delo, 513 U.S. 298, 322 (1995) (citing Murray v. Carrier, 477 U.S. 478, 496 (1986)).  A petitioner must support his constitutional claims "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  Id. at 324; see also Larsen v. Soto, 742 F.3d 1083, 1096 (9th Cir. 2013) (holding that evidence that is cumulative and speculative is not sufficient to show actual innocence).  This demanding standard "permits review only in the 'extraordinary' case."  House v. Bell, 547 U.S. 518, 538 (2006) (quoting Schlup, 513 U.S. at 327) (emphasizing that claims of actual innocence are rarely successful).  Here, Petitioner has not presented any new, reliable evidence that meets the high Schlup standard to show a fundamental miscarriage of justice.  Thus, the Court concludes Petitioner's claims are procedurally defaulted.[10]

---

[9] For an ineffective assistance of counsel claim to excuse procedural default, the petitioner must show that (1) counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment, and (2) counsel's deficient performance prejudiced the defense.  See Strickland v. Washington, 466 U.S. 668, 687 (1984); Loveland v. Hatcher, 231 F.3d 640, 644 (9th Cir. 2000).  Therefore, even if Plaintiff presented an ineffective assistance of counsel claim based on counsel's failure to obtain a certificate of probable cause, it would not necessarily suffice to excuse the procedural default.

[10] Although the state appellate court determined Petitioner's claims were procedurally barred, it addressed the merits in the alternative, concluding Petitioner's claims would fail because "use of a prior conviction suffered before the Three Strikes Law was enacted as a prior strike does not violate prohibitions against ex post facto laws."  (ECF No. 9-21 at 2 (internal citations omitted).)  This is

## IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the district court issue an order (1) **GRANTING** Respondent's Motion to Dismiss and (2) **DISMISSING** the Petition **with prejudice** as untimely and procedurally defaulted.

**IT IS ORDERED** that no later than **March 7, 2025**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **March 14, 2025**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: **February 7, 2025**

_____
Honorable Michael S. Berg
United States Magistrate Judge

---

consistent with well-established California precedent. See, e.g., People v. James, 91 Cal. App. 4th 1147, 1151 (2001); People v. Gray, 66 Cal. App. 4th 973, 995 (1998).