UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BRAGGS,<br><br>                              Petitioner,<br><br>v.<br><br>RAYMOND MADDEN, Warden,<br><br>                              Respondent. | Case No.: 24-cv-00167-AJB-MSB<br><br>**ORDER:**<br>**(1) ADOPTING THE REPORT AND RECOMMENDATION;**<br>**(2) GRANTING RESPONDENT'S MOTION TO DISMISS; AND**<br>**(3) CLOSING THIS CASE**<br><br>(Doc. Nos. 8; 10) |

      Before the Court is Respondent Raymond Madden's ("Respondent") motion to dismiss Petitioner Charles Braggs' ("Petitioner") petition for writ of habeas corpus. (Doc. No. 8.) Pursuant to Civil Local Rule HC.2, the matter was referred to Magistrate Judge Michael S. Berg for a Report and Recommendation ("R&R"). *See* CivLR HC.2.e.1. On February 7, 2025, Magistrate Judge Berg issued the instant R&R, recommending the Court grant Respondent's motion and dismiss the case with prejudice. (Doc. No. 10 at 18.) Objections to the R&R were due to be filed with the Court no later than March 7, 2025 (*see id.*); however, to date, no objections have been filed.

**I.    JUDGE BERG'S REPORT AND RECOMMENDATION**

      Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district

court's duties in connection with a magistrate judge's R&R. The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing,* 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 addition (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)).

Neither party has filed an objection to Judge Berg's R&R. Thus, having carefully considered the R&R, the Court finds it thorough, well-reasoned, and contains no clear error. Accordingly, the Court hereby **ADOPTS** Magistrate Judge Berg's R&R in its entirety and **GRANTS** Respondent's motion to dismiss **with prejudice**.

## II. CERTIFICATE OF APPEALABILITY

A state prisoner seeking to appeal a district court's denial of a habeas petition must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c). Rule 11 of the Rules Following 28 U.S.C. § 2254 requires the Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. "Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the

district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." Id. "Because both of these components are necessary to obtain a certificate of appealability, the U.S. Supreme Court has encouraged district courts to address the procedural prong first." *Alatorre v. Figaroa*, No. 13-CV-1622-JLS-MDD, 2014 WL 3908618, at *1 (S.D. Cal. Aug. 11, 2014) (citing *Slack*, 529 U.S. at 485; *Petrocelli v. Angelone*, 248 F.3d 877, 884 & n.6 (9th Cir. 2001)).

Here, the Court concludes that no jurist of reason would find it debatable whether the Court was correct in its procedural ruling that Petitioner's petition for writ of habeas corpus is untimely. Accordingly, the Court **DENIES** a certificate of appealability.

### III.   CONCLUSION

Based on the foregoing, the Court **ADOPTS** the R&R in its entirety and **GRANTS** Respondent's motion to dismiss **with prejudice**. Additionally, the Court **DENIES** a certificate of appealability. As this Order concludes the litigation in this matter, the Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: March 17, 2025

Hon. Anthony J. Battaglia
United States District Judge